USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

THE STATE OF NEW YORK and                                   :
DENISE M. SHEEHAN, as Commissioner of the
New York State Department of Environmental Conservation,    :

                        Plaintiffs,                           :

                   vs.                                       :   **CIVIL ACTION**
                                         **NO. 05 CV 10399**
Allied Waste Systems, Inc., American Cyanamid Co. (now      :   **(SAS)**
known as Wyeth Holdings Corporation), American Tack &
Hardware Co., Inc., Avon Products, Inc., Beazer East, Inc., :
BFI Waste Systems of New Jersey, Inc., County of Rockland
Sewer District No. 1, County of Rockland, East Ramapo       :
Central School District, Ramapo Central School District,
Ford Motor Company, Carmine Franco, Good Samaritan          :
Hospital of Suffern, New York, International Business
Machines Corp., International Paper Company, Nepera, Inc.,   :
Orange and Rockland Utilities, Inc., Pneumo Abex LLC,
successor by merger to Pneumo Abex Corporation, Ramapo      :
Land Co., Inc., Waste Management of New York, and
Town of Ramapo,                                             :

                       Defendants,                           :
-------------------------------------------------------------------X

## CONSENT DECREE

Plaintiffs State of New York and Denise M. Sheehan as Commissioner of the New York

State Department of Environmental Conservation and as Trustee of the State's natural resources

(collectively referred to as the State) and Defendants hereby agree as follows:

WHEREAS, the State alleges that the Defendants or their predecessors either arranged

for the disposal of hazardous substances at, or transported hazardous substances to, or were the

owners or operators of the Ramapo Landfill (Site) located off Torne Valley Road in the Town of

Ramapo (Town), Rockland County, State of New York (these Defendants, except the Town,

shall be referred to as the Settling Defendants and the State, the Town, and the Settling Defendants shall be referred to as the Parties);

WHEREAS, the Settling Defendants deny the State's allegations;

WHEREAS, the Town and others operated a municipal landfill on the Site between 1971 and 1984, and received municipal solid waste, commercial waste, and industrial waste at the Site;

WHEREAS, pursuant to Environmental Conservation Law (ECL) § 27-1305, the Site is listed in the New York State Registry of Inactive Hazardous Waste Disposal Sites as No. 344004;

WHEREAS, on September 1, 1983, the Site was listed by the United States Environmental Protection Agency (EPA) pursuant to Section 105 of the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. § 9605, on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register;

WHEREAS, the Town and the New York State Department of Environmental Conservation (NYSDEC) entered into an Administrative Order on Consent (Index No. W3-0083-8708), requiring investigative, removal, remedial and response measures at the Site, as those terms are defined or used in CERCLA Sections 101(23), 101(24), 101(25), 104(d) and 107(a), 42 U.S.C. §§ 9601(23), 9601(24), 9601(25), 9604(d) and 9607(a) (Response Measures), which Response Measures were undertaken in accordance with the National Contingency Plan for the Removal of Oil and Hazardous Substances, 40 C.F.R. Part 300 (NCP);

WHEREAS, NYSDEC and the Town entered into a State Assistance Contract (No. C093003), pursuant to the Environmental Quality Bond Act of 1986, whereby the State

2

agreed to reimburse the Town for 75% of the eligible costs for investigation, remedial design, construction of the remedial action and construction oversight to be incurred by the Town at the Site;

WHEREAS, NYSDEC has made reimbursements to the Town pursuant to such agreement in an amount in excess of $13,000,000, and the State alleges that it has incurred other response costs, including interest and enforcement costs at the Site;

WHEREAS, the Town implemented Response Measures at the Site to remedy the alleged release and/or threatened release of hazardous substances into the environment, and incurred response costs, including but not limited to, costs of investigation, removal, remedial activity, and operation and maintenance, as those terms are defined or used in Sections 101(23), 101(24), 101(25), 104(d), 107(a) and 113 of CERCLA, 42 U.S.C. §§ 9601(23), 9601(24), 9601(25), 9604(d), 9607, and 9613, in relation to the Site, which unreimbursed costs are alleged to total in excess of $6,000,000;

WHEREAS, on or about October 21, 2001, Allied Waste Systems, Inc. (for itself and as the alleged successor to Valley Carting Corp.); American Home Products Co. (now known as Wyeth Corporation acting on behalf of Lederle Pharmaceutical Division of American Cyanamid Company); Avon Products, Inc.; Beazer East, Inc. (formerly known as Koppers Company, Inc.); Ford Motor Company; Carmine Franco (Sorgine Construction); Good Samaritan Hospital of Suffern, New York; International Business Machines Corporation; International Paper Company; Nepera Inc.; Orange and Rockland Utilities, Inc.; Pneumo Abex LLC; Ramapo Land Co., Inc. and Waste Management of New York (as the alleged successor to Marangi Brothers, Inc.) entered into an Agreement for Recovery of Past Response Costs which compromised and settled claims by EPA for its costs related to the Site.

3

WHEREAS, the Town is the owner and operator of the Site and is a necessary party to these proceedings;

WHEREAS, the Parties have agreed to the provisions of this Consent Decree (Decree);

**NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:**

1. This Court has jurisdiction over the subject matter and the Parties to this action pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 9613 (b).

2. This Decree shall apply to and be binding upon the State, the Town, and each of the Settling Defendants. Each signatory to this Decree represents that she or he is fully authorized to enter into the terms and conditions of this Decree and to bind the party represented by her or him. Any change in governance, ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property shall in no way alter such Settling Defendant's rights or responsibilities under this Decree.

3. Neither this Decree, nor any terms thereof, nor the entry into this Decree, nor performance of the terms thereof, by any of the Settling Defendants or the Town shall constitute or be construed as an admission or acknowledgment by any of the Settling Defendants or the Town of the factual or legal assertions contained in the Complaint or this Decree, and the Settling Defendants and the Town retain the right to controvert in any subsequent proceedings, other than proceedings for the purpose of implementing or enforcing this Decree, the validity of the facts, allegations or determinations contained in this Decree. Neither this Decree, nor the terms thereof, nor the entry into this Decree, nor performance of the terms thereof, by any of the Settling Defendants or the Town shall constitute or be construed as an admission or acknowledgment by any of the Settling Defendants or the Town of any liability, responsibility or fault with respect to the conditions at or arising from past or future conditions, activities or

4

operations at the Site, or an admission of violation of any law, by any Settling Defendant or the Town.

## PAYMENTS

4. a. Within three business days of the Effective Date of this Decree (as provided in paragraph 15 hereof) (Effective Date), Settling Defendants Allied Waste Systems, Inc., Wyeth Holdings Corporation, Avon Products, Beazer East, Inc., BFI Waste Systems of New Jersey, Inc., East Ramapo Central School District, Ramapo Central School District, Ford Motor Company, Good Samaritan Hospital of Suffern, New York, International Business Machines Corp., Nepera, Inc., Orange and Rockland Utilities, Inc., Pneumo Abex LLC., Ramapo Land Co., Inc., Waste Management of New York (collectively known as the Ramapo PRP Group), shall remit to the State the amount of $3,739,236.18 as provided by paragraph 16. Prior to the Effective Date of this Decree, the State may request that Settling Defendants Ramapo PRP Group remit a portion of this total of $3,739,236.18 to the Town of Ramapo, by wire transfer, certified or cashier's check and the Settling Defendants Ramapo PRP Group shall direct such portion of the $3,739,236.18 to the Town of Ramapo. Any such payments directed by the State to the Town shall nevertheless be deemed to be, and shall be credited as, payment to, and receipt by the State, of such funds in satisfaction of its claims in this matter, including without limitation amounts reimbursed by the State to the Town pursuant to the State Assistance Contract, enforcement costs and interest. Nothing herein, however, shall require payment prior to the expiration of the three-day time period set forth above.

4. b. Within 12 months of the Effective Date of this Decree, Settling Defendant Good Samaritan Hospital of Suffern, New York shall remit to the State the amount of $60,127.30; within 24 months of the Effective Date, Settling Defendant Good Samaritan Hospital of Suffern,

5

New York shall remit to the State an additional payment of $60,127.31. Each payment shall be made as provided by paragraph 16.

4. c. Within three business days of the Effective Date, Settling Defendant American Tack & Hardware Co., Inc. (American) shall remit to the State the amount of $40,000; within 12 months of the Effective Date, Settling Defendant American shall remit to the State an additional payment of $40,000; within 24 months of the Effective Date, Settling Defendant American shall remit to the State an additional payment of $40,000. Each payment shall be made as provided by paragraph 16.

4. d. Within three business days of the Effective Date, Settling Defendant Carmine Franco (Franco) shall remit to the State the amount of $40,000; within 12 months of the Effective Date, Settling Defendant Franco shall remit to the State an additional payment of $40,000; within 24 months of the Effective Date, Settling Defendant Franco shall remit to the State an additional payment of $40,000. Each payment shall be made as provided by paragraph 16.

4. e. Within three business days of the Effective Date, Settling Defendant International Paper Company (International Paper) shall remit to the State the amount of $360,000 as provided by paragraph 16.

4. f. Not later than January 30, 2006, Settling Defendants County of Rockland Sewer District No. 1 and County of Rockland shall remit to the State the amount of $240,509.21 as provided by paragraph 16.

5. Failure to make any payment required in Paragraph 4.a. in a timely fashion shall constitute a default of the Ramapo PRP Group and each of its members. Failure to make any payment required in Paragraphs 4.b. - 4.f in a timely fashion shall constitute a default of the

6

party failing to make the required payment. If any Settling Defendant defaults under this Decree, the State shall be entitled to a penalty of $5,000 per day, and said Settling Defendant shall pay attorneys' fees and costs incurred by the State to enforce these provisions, in addition to the payment required under Paragraph 4, plus any interest. The members of the Ramapo PRP Group shall be jointly and severally liable for the payment of any such penalty, fees, costs and interest ensuing from a default of the Ramapo PRP Group.

## COVENANT NOT TO SUE

6. Upon payment by each Settling Defendant pursuant to Paragraph 4 of this Decree, and subject to the provisions of this Decree, the State and the Town covenant not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law (other than enforcement of this Decree) against each of the Settling Defendants that makes its required payment, or their affiliates, subsidiaries, related entities, predecessors, successors and assigns, and their past, present and future employees, officers and directors, for any matter arising out of or relating to the Matters Addressed by this Decree, including without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, contribution or attorneys' fees.

7. Each Settling Defendant agrees not to assert any claims or causes of action under any federal, state, local or common law against the State, or its employees, agencies or departments, or against the Town, or its employees or departments, or against any other Settling Defendant, or its affiliates, subsidiaries, related entities, predecessors, successors and assigns, and their employees, officers and directors, or to seek against the State or Town or any of them any costs, damages, contribution or attorneys' fees arising out of any Matters Addressed by this Decree;

7

provided, however that if the State, pursuant to the Reopener or the Reservation of Rights of this Decree, asserts a claim or commences or continues a cause of action against a Settling Defendant with respect to the Site, other than to enforce the obligations contained in this Decree, this Paragraph 7 shall not preclude the assertion by such Settling Defendant of any claims, counterclaims, defenses, or other causes of action against the State or Town or any other Settling Defendant, but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claims or causes of action of the State or Town or any other Settling Defendant. Notwithstanding the foregoing, any Settling Defendant may assert any claims or causes of action against any person other than the State, the Town or another Settling Defendant, to the extent permitted by law, for any costs, damages, contribution or attorney fees arising out of any Matters Addressed by this Decree. Nothing in this Consent Decree shall affect the rights or defenses available to any Settling Defendant pursuant to any contract or indemnification agreement with respect to the Site.

8. In consideration of the payments made by the Town for the investigation and remediation of the Site, and subject to the Reopener and the Reservation of Rights of this Decree, the State covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any federal or state law (other than enforcement of this Decree) against the Town for any matter arising out of or relating to the Matters Addressed by this Decree; provided, however, that if the State, pursuant to the Reopener or the Reservation of Rights of this Decree, asserts a claim or commences or continues a cause of action against the Town with respect to the Site, this Paragraph 8 shall not preclude the assertion by the Town of any claims, counterclaims, or other causes of action against the State or Settling Defendants, but

8

only to the same extent and for the same matters, transactions, or occurrences as are raised in the claims or causes of action of the State. Notwithstanding this Paragraph or any other provision of this Decree, the Town shall continue to be solely responsible for the Operation, Maintenance and Monitoring at the site, and all other terms and obligations of the parties set forth in Consent Decree No. W3-0083-8708, and the State Assistance Contract, No. C093003. both of which agreements were entered into between the State and the Town, remain in full force and effect.

## REOPENERS

9. Notwithstanding any other provision of this Decree, the State reserves, and this Decree is without prejudice to, the right to institute proceedings, or to issue an administrative order seeking to compel the Town and/or the Settling Defendants: (a) to perform further response actions relating to the Site, or (b) to reimburse the State for additional costs of response, in either case only if:

> (I) conditions at the Site existing as of the Effective Date, previously unknown to the State, are discovered after the Effective Date, or

> (ii) information existing as of the Effective Date in whole or in part previously unknown to the State, is received after the Effective Date,

and these previously unknown conditions or information together with any other relevant information indicates that the Response Measures selected for the Site are not protective of human health or the environment. For purposes of this Reopener, previously known conditions at the Site and previously known information include all conditions and information known to the State as of the Effective Date including, but not limited to, all conditions identified and information contained or submitted for inclusion in the Administrative Record, attached as

9

Exhibit A to the Record of Decision (ROD) for the Site, or in the files and records of the

NYSDEC, EPA or the Town. Settling Defendants and the Town reserve all their rights, claims

and defenses to liability if the matter is reopened under this paragraph.

## MATTERS ADDRESSED AND RESERVATION OF RIGHTS

10. Except as specifically reserved in Paragraphs 9 and 13 of this Decree, the State is

settling all claims against Settling Defendants and the Town for the Matters Addressed by this

Decree, which include (a) claims for all response costs, past and future, that have been incurred

or will be incurred for the investigation and remediation of the Site, no matter when or by whom

incurred, including any and all response costs incurred by any party to this action or by any other

responsible party, (b) any natural resource damages at or associated with the Site, and (c) any

other claims or causes of action under any federal, state, local or common law relating to the

disposal or alleged disposal of hazardous substances at the Site.

11. The payments being made by the Settling Defendants represent a fair and reasonable

contribution by Settling Defendants toward the total past response costs that have been incurred

by the State and the Town and the total future response costs of the State and the Town that are

anticipated, for the implementation of the remedial program set forth in the ROD for the Site,

including post-construction, operation and maintenance, and monitoring response costs. Settling

Defendants believe that the amounts paid pursuant to this Decree constitute more than their fair

share of the total past response costs that have been incurred by the State and the Town, and

reserve the right to assert claims for contribution against non-settling third parties under sections

107 and 113(f)(1) or (3) of CERCLA, 42 U.S.C. §§ 9607 and 9613(f)(1) or (3), to the extent

provided by law, as well as under state or common law.

10

12. The payments that already have been made by the Town, together with the reduction of the State's claim to reflect the share of liability potentially allocated to the Town, represent a fair and reasonable contribution by the Town toward the total past response costs that have been incurred by the State and the Town and the total future response costs of the State and the Town that are anticipated, for the implementation of the remedial program set forth in the ROD for the Site, including post-construction, operation and maintenance, and monitoring response costs.

13. The "Matters Addressed" do not include, and the State reserves all of its rights with regard to, the State's right to bring any action or proceeding against any person, firm, corporation, or other entity other than Settling Defendants and the Town.

## CONTRIBUTION PROTECTION

14. The Parties agree that by entering into this Decree the Settling Defendants and the Town, and their affiliates, subsidiaries, related entities, predecessors, successors and assigns, and their Boards, commissioners, executive directors and elected officials, officers, directors, agents, and employees are entitled to the full extent of protection from contribution actions or claims provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), and/or any other applicable federal or state law, for the Matters Addressed by this Decree. Once entered, this Consent Decree shall constitute a judicially approved settlement for purposes of CERCLA section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B).

## EFFECTIVE DATE

15. This Decree shall be effective upon the date that the Court approves and enters this Decree. All times for performance of activities under this Decree shall be calculated from that

11

date. Notice of the Effective Date shall be sent by electronic mail to the Defendants as provided

in Paragraph 19 hereof.

## MISCELLANEOUS PROVISIONS

16. All payments required to be made pursuant to paragraph 4 shall be made by wire

transfer or by certified or cashier's check payable to the "State of New York" and delivered to:

> Robert Emmet Hernan, Esq.
> Assistant Attorney General
> New York State Department of Law
> Environmental Protection Bureau
> 120 Broadway - 26th Floor
> New York, New York 10271

17. Nothing in this Decree shall inure to the benefit of any other person or entity not a

party to this Decree.

18. This Decree may not be modified except by express written agreement of all the

Parties.

19. Any notification to the Settling Defendants shall be in writing or by electronic mail

and shall be deemed properly given on receipt thereof if sent to the following, or to such other

person as Settling Defendants may designate by written notice to the State:

### As to Settling Defendants Ramapo PRP Group:

> Edward McTiernan, Esq.
> Gibbons, Del Deo, Dolan, Griffinger & Vecchione
> One Riverfront Plaza
> Newark, NJ 07102-5497
> (973) 596-4757
> emctiernan@gibbonslaw.com

12

As to Settling Defendant American:

> Clifford P. Case, Esq.
> Carter Ledyard & Milburn LLP
> 2 Wall Street
> New York, NY 10005-2072
> (212) 238-8798
> case@clm.com

As to Settling Defendant Franco:

> Louis E. Cherico, Esq.
> Cherico, Cherico & Associates
> 308 Battle Avenue
> White Plains, NY 10606
> (914) 948-2299

As to Settling Defendant International Paper:

> Steven J. Ginski, Esq.
> Chief Counsel - Environment, Health & Safety - US
> International Paper Company
> 6400 Poplar Avenue
> Memphis, TN 38197
> (901) 419-3808

After the Effective Date, any notice to the Ramapo PRP Group shall be in writing or by
electronic mail and sent directly to each member of that group.

20.  The Parties to this Decree agree to be bound by the terms of this Decree and agree
not to contest its validity in any subsequent proceeding to implement or enforce its terms.

21.  Upon approval by the Court, this Decree shall constitute a final judgment, and the
Complaint shall be dismissed without prejudice solely as to the enforcement of the Decree and
matters addressed by the Reopeners.

13

STATE OF NEW YORK and DENISE M. SHEEHAN
as Commissioner of the New York State
Department of Environmental Conservation

ELIOT SPITZER
Attorney General of the State of New York

Dated:  12/12/05          By:  _____
                               ROBERT EMMET HERNAN ( RH-2652)
                               Assistant Attorney General
                               Environmental Protection Bureau
                               120 Broadway
                               New York, New York 10271

Party Name:

ALLIED WASTE SYSTEMS, INC.

Dated: 12/2/05

By: _____
    Jo Lynn White, Secretary

**ALLIED WASTE SYSTEMS, INC.**    **AMERICAN CYANAMID CO. (now known as Wyeth Holdings Corporation)**

By:_____    By: _Stan A. Taylor_

**AMERICAN TACK & HARDWARE CO.**    **AVON PRODUCTS, INC.**

By:_____    By:_____

**BEAZER EAST, INC.**    **BFI WASTE SYSTEMS**

By:_____    By:_____

**COUNTY OF ROCKLAND and ROCKLAND SEWER DISTRICT NO. 1**    **EAST RAMAPO CENTRAL SCHOOL DISTRICT**

By:_____    By:_____

**FORD MOTOR COMPANY**    **CARMINE FRANCO**

By:_____    By:_____

**GOOD SAMARITAN HOSPITAL**    **INTERNATIONAL BUSINESS MACHINE**

By:_____    By:_____

AMERICAN TACK & HARDWARE CO., INC.

By: _____

Charles L. Peifer
Chief Executive Officer

Dated: _____, 2005

1346757.1

Party Name: Avon Products Inc.

Dated: 1/29/05

By: _____

Edward G. McTiernan
It's Attorney

**BEAZER EAST, INC. (formerly known as Koppers Company, Inc.)**

By: _(signature)_

Print: _Robert S. Markwell_

Title: _Vice President - Beazer East, Inc._

Date: _11/30/05_

Party Name:

BFI WASTE SYSTEMS OF NEW JERSEY, INC.

Dated:  12/2/05

By: _____
Jo Lynn White, Secretary

**County of Rockland Sewer District No. 1** consents to the entry of the above consent decree relating to the Ramapo Landfill Site No. 344004, by its duly authorized representative on this 9th day of December, 2005.

SIGNATURE: _____
                        Kevin C. Murphy

NAME: _____Timothy J. Lambrecht_____

POSITION:___Counsel for County of Rockland Sewer District No. 1

COMPANY/ENTITY:___County of Rockland Sewer District No. 1_____

**County of Rockland** consents to the entry of the above consent decree relating to the Ramapo Landfill Site No. 344004, by its duly authorized representative on this 9th day of December, 2005.

SIGNATURE: _____

NAME: _____ Kevin C. Murphy

_____ Timothy J. Lambrecht _____

POSITION: __ Counsel for County of Rockland _____

COMPANY/ENTITY: __ County of Rockland _____

Party Name:   East Ramapo Central School District

Dated: December 5, 2005                By: _____

Stephen M. Fromson
Greenberg Wanderman & Fromson
150 Airport Executive Park
Suite 159
Nanuet, New York 10954

Party Name:   Ramapo Central School District

Dated:  December 5, 2005          By: _____

Stephen M. Fromson
Greenberg Wanderman & Fromson
150 Airport Executive Park
Suite 159
Nanuet, New York 10954

ALLIED WASTE SYS.   JS, INC.

AMERICAN C   NAMID CO., (now known as Wyeth Holdings Corporation)

By: _____

By: _____

AMERICAN TACK & HARDWARE CO.

AVON PRODUCTS, INC.

By: _____

By: _____

BEAZER EAST, INC.

BFI WASTE SYSTEMS

By: _____

By: _____

COUNTY OF ROCKLAND and ROCKLAND SEWER DISTRICT NO. 1

EAST RAMAPO CENTRAL SCHOOL DISTRICT

By: _____

By: _____

FORD MOTOR COMPANY

CARMINE FRANCO

By: _____

By: _____

GOOD SAMARITAN HOSPITAL

INTERNATIONAL BUSINESS MACHINE

By: _____

By: _____

INTERNATIONAL PAPER COMPANY

NEPERA, INC.

WHEREFORE the undersigned has read, understands, and accepts the Consent Decree in the Civil Action <u>The State of New York v. Allied Waste Systems, Inc., et al.</u> and by his signature below agrees to be bound by the terms thereof.

Carmine Franco

By: _____

Carmine Franco
c/o Cherico, Cherico & Associates
308 Battle Avenue
White Plains, New York 10606

**GOOD SAMARITAN HOSPITAL OF SUFFERN, NEW YORK**

By:_____

**INTERNATIONAL BUSINESS MACHINE**

By:_____


**INTERNATIONAL PAPER COMPANY**

By:_____

**NEPERA, INC.**

By:_____


**ORANGE AND ROCKLAND UTILITIES, INC.**

By:_____

**PNEUMO ABEX LLC, successor by merger to Pneumo Abex Corporation.**

By:_____


**RAMAPO LAND CO., INC.**

By:_____

**WASTE MANAGEMENT OF NEW YORK**

By:_____


**TOWN OF ROCKLAND**

By:_____

By:_____

#1029824 v12
102866-40954

Party Name:

INTERNATIONAL BUSINESS MACHINES

Dated: _Dec. 1. 2005_     By: _____

THOMAS MORRIS
PROGRAM MANAGER

STATE OF NEW YORK and DENISE M. SHEEHAN
as Acting Commissioner of the New York State
Department of Environmental Conservation

ELIOT SPITZER
Attorney General of the State of New York

Dated: _____          By:_____  _____
                                     ROBERT EMMET HERNAN (RH-2652)
                                     Assistant Attorney General
                                     Environmental Protection Bureau
                                     120 Broadway
                                     New York, New York 10271

INTERNATIONAL PAPER COMPANY

Dated: _18 -1- 2005_      By: _Edward P. Niederriter_

                          Name: _Edward P. Niederriter_

                          Title: _VP And Deputy General Counsel And Asst. Sec'ty._

INTERNATIONAL PAPER COMPANY

By:_____ _____ _____

NEPERA, INC.

By:_____

ORANGE AND ROCKLAND
ULTILITIES, INC.

By:_____ _____

PNEUMO ABEX LLC, successor by merger
to Pneumo Abex Corporation

By:_____ __ _____ ____ _____

RAMAPO LAND COMPANY, INC.

By:_____ _____ _____

WASTE MANAGEMENT OF NEW
YORK

By:_____

TOWN OF ROCKLAND

By:_____ ____ _____

**IN WITNESS WHEREOF,** the Party hereto, which may be by and through their appointed counsel, enter into this Agreement . Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Name of Party:

Orange and Rockland Utilities, Inc.

By: _Jill W. Sullate_

Title: _Director - Human Resources and EHFS_

Date: _December 1, 2005_

4

#882603 v3
005593-18568

PNEUMO ABEX LLC, successor by merger
to Pneumo Abex Corporation

By _____

DEXTER KENNEW
VICE PRESIDENT

RAMAPO LAND CO., INC.

BY

John Hanna, Jr.
Whiteman Osterman & Hanna
Attorneys for Ramapo Land Co., Inc.

Dated:

Party Name:  Waste Management of New York, LLC

Dated: December 7, 2005                    By: _____
                                                Director-CSMG

TOWN OF RAMAPO

By: _Christopher P. St. Lawrence_

CHRISTOPHER P. ST. LAWRENCE
SUPERVISOR

DATED: November 29, 2005

ORDERED, ADJUDGED AND DECREED this _____ day of _____ 2005.

_____
U.S.D.J.